UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GARCIA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BAUGHMAN, et al.,<br><br>Defendants. | No. 2:18-cv-0655 MCE CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On May 13, 2020, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that plaintiff could proceed on a claim arising under the Eighth Amendment for excessive force against defendant Dr. John H. Friend. Defendant Dr. Friend has filed a motion to dismiss.

In his amended complaint, plaintiff alleges he was "tortured" by Dr. Friend on September 12, 2017 by means of electrical shock at California State Prison, Sacramento. Plaintiff asserts that at one point, he asked Dr. Friend to stop shocking him. In response, Dr. Friend turned up the electricity to inflict "max pain." At some point, Dr. Friend told plaintiff he was a "sinner" and that he "needed to repent." After shocking plaintiff, Dr. Friend provided plaintiff with information about a course in Bible study.

/////

1

1       A complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to state a claim upon which relief can be granted.  When considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 93-94, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

      In support of his argument that plaintiff's amended complaint should be dismissed, defendant points to allegations made by plaintiff in his original complaint.  However, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).   Furthermore, in deciding a Rule 12(b)(6) motion, the court generally looks only to the operative pleading and attachments.  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir.2002).  While a court may consider documents incorporated by reference in the operative complaint and can consider any facts judicially noticed under Rule 201 of the Federal Rules of Civil Procedure, United States v. Ritchie, 342 F.3d 903, 907–08 (9th Cir.2003), neither of those exceptions apply here as plaintiff's original complaint is not incorporated by reference in the amended complaint and defendant does not request that the court judicially notice as fact anything referenced in plaintiff's original complaint.[1]

/////

/////

/////

---

[1] Defendant notes that, in an order issued by the United States District Court for the Central District of California in Bui v. Meriwest Credit Union, No. 8:13-cv-1025 JVS RNB on November 4, 2013, the Central District at least suggests that a statement made in a superseded pleading may count as an admission which can be considered when evaluating whether a subsequent pleading should be dismissed for failure to state a claim under Rule 12(b)(6).  At best, the cases relied upon by the Central District support the proposition that a statement made in a superseded pleading can amount to an admission of fact which could be used at trial or for purposes of a motion for summary judgment and do not concern the role of superseded pleadings in evaluating whether a complaint should be dismissed pursuant to Rule 12(b)(6).  See Sicor Ltd. v. Cetus Corp., 51 F.3d. 848, 859-860.  Accordingly, the court declines to depart from the well-established parameters for consideration of a Rule 12(b)(6) motion identified above.

In his motion to dismiss, defendant asserts plaintiff's Eighth Amendment claim is barred by 42 U.S.C. § 1997e(e) which reads as follows:

> (e) Limitation on recovery
>
> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

As indicated above, plaintiff claims he was subjected to physical injury inflicted by defendant in violation of plaintiff's Eighth Amendment rights.  Defendant's suggestion that the physical injury alleged--pain amounting to torture as a result of electric shock—is "di minimis" defies any reasonable definition of that term.  Accordingly, plaintiff's remaining claim is not precluded by 42 U.S.C. § 1997e(e).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Dr. Friend's motion to dismiss (ECF No.54) be denied; and
2. Defendant Dr. Friend be ordered to file an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 6, 2020

CAROLYN K. DELANEY  
UNITED STATES MAGISTRATE JUDGE

---

1  
rodr0655.mtd