UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN GARCIA RODRIGUEZ,

Plaintiff,

v.

DAVID BAUGHMAN, et al.,

Defendants.

No.  2:18-cv-00655-MCE-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.   On September 30, 2021, defendant Friend filed a motion for summary judgment.[1]  ECF No. 71.  Plaintiff did not file an opposition.  The court previously advised plaintiff of the requirements for opposing a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See ECF No. 18 at 3 (citing Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998)(en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988)).

On March 4, 2022, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days.  ECF No. 73.  In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action

---

[1] Defendant Friend is the only remaining defendant in this case based on the court's July 30, 2018 screening order and plaintiff's subsequent Notice of Election.  ECF Nos. 11, 14.  Defendant Baughman was voluntarily dismissed by order dated August 28, 2018.  ECF No. 16.

1

1   be dismissed pursuant to Fed. R. Civ. P. 41(b).  The thirty day period has now expired, and

2   plaintiff has not responded to the court's order.

3         "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

4   action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

5   1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

6   court order the district court must weigh five factors including: '(1) the public's interest in

7   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

8   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

9   (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting Thompson

10  v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

11        In considering these five factors, the court finds that the first two strongly support

12  dismissal of this action.  Plaintiff filed the complaint in this case over four years ago.  ECF No. 1.

13  The last pleading that plaintiff filed in this action was approximately a year ago and was merely

14  an opposition to defendant's request for an extension of the discovery deadline.  ECF No. 66.  A

15  review of the docket as well as plaintiff's failure to comply with the Local Rules and the court's

16  March 4, 2022 order suggests that plaintiff has abandoned this action.  Any additional time spent

17  addressing this case will consume scarce judicial resources.

18        Under the circumstances of this case, the third factor, prejudice to defendant Friend from

19  plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose the

20  motion prevents defendant from addressing plaintiff's substantive opposition, and would delay

21  resolution of this action, thereby causing defendant to incur additional time and expense.

22        The fifth factor also favors dismissal.  The court advised plaintiff of the requirements

23  under the Local Rules and granted ample additional time to oppose the pending motion, all to no

24  avail.  The court finds no suitable alternative to dismissal of this action.

25        The fourth factor, public policy favoring disposition of cases on their merits, weighs

26  against dismissal of this action as a sanction.  However, this one factor does not outweigh the

27  remaining ones which all strongly support dismissal.  See Ferdik, 963 F.2d at 1263.

28  ////

2

1    For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be

2  dismissed pursuant to Federal Rule of Civil Procedure 41(b).

3    These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8  objections shall be filed and served within fourteen days after service of the objections.  The

9  parties are advised that failure to file objections within the specified time may waive the right to

10  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  Dated:  April 13, 2022

12                                                                    _____
                                                                      CAROLYN K. DELANEY
13                                                                    UNITED STATES MAGISTRATE JUDGE

14  12/rodr0655.46fr.docx

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3